ence, and then in gold and silver, then it was a contract to pay in gold and silver after a certain period. The consequence is that as to the payments to be made after the period, the contract is not within the act of assembly, but as to those which were to be made before, it is. But if this contract cannot be considered as a contract to pay part of the rents in paper money, and part in gold and silver, still the question will arise whether this court has not power, under the fifth section of the act of assembly, to examine into the circumstances of the transaction, and make a rule of adjusting the rents, different from the scale of depreciation. Upon this point, I consider the case of Watson v. Alexander, 1 Wash. [Va.] 340, as decisive. The court of appeals in that case decided, that the fifth section was made as well for creditors as debtors. That the second section was intended to apply to contracts where no particular circumstances intervene; but where other circumstances do intervene, which would render the application of the rule unjust, whether to the creditor or the debtor, the court under the fifth section have a right to award such judgment as to them shall appear just and equitable.

The next question, then, will be whether the circumstances of this case, render the application of the scale unjust. The annual rent, when reduced by the scale is only £1. 3s. 7½d. This cannot be a just rule, when lots of equal value rented, before the existence of paper money, for ten times, and after its abolition, at thirty times that sum in gold and silver. If, then, the application of that rule is unjust, what rule can this court adopt more just and equitable? It is, in general, just and equitable that contracts fairly made, should be specifically executed, where a specific execution is possible, and will not be attended with circumstances of peculiar hardship. The contract in this case is to pay the rents annually in current money. This is admitted to be money current at the time when the rents become due. In the years 1780 and 1781, the rents might have been paid in the then current money, that is, paper, or gold and silver, at the option of the tenant. Payment in paper money has now become impossible; but the legislature has declared what shall be an equivalent for those years. Let the rents of those years, therefore, be scaled. But after those years, the option of the tenant ceased. Gold and silver became the only current money. It appears to have been the intention of the parties to pay in the current money of the time when the rents should become payable. It has now become possible to execute the contract specifically, and it appears to me that justice and equity require that it should be done, by paying the rents in the money which has been current ever since the year 1782.

Reversed by the supreme court of the United States. 2 Cranch [6 U. S.] 10.

MARSTELLER (GORMAN v.). See Case No. 5,629.

## Case No. 9,138.
### MARSTELLER v. M'CLEAN.
[1 Cranch, C. C. 550.] [1]
Circuit Court, District of Columbia. July Term, 1809.

PRACTICE AT LAW—RULE-DAY — PLEA OF LIMITATIONS—UNDER WHAT CONDITIONS.

The court will not permit the statute of limitations to be pleaded to an action of trespass for mesne profits after the rule-day, but upon payment of all antecedent costs and a continuance of the cause.

Trespass for mesne profits.

Mr. Taylor, counsel and attorney for defendant, made affidavit that the plea of not guilty only had been entered in the office, without his knowledge or consent; that he did not attend at the rules when the plea was put in; and that he had been instructed by his client and always intended to plead the statute of limitations. It was admitted that the defendant had only appeared to the ejectment as guardian of Kirk, but by mistake he was not named as guardian.

Mr. Taylor, now offered to file the plea of limitations.

THE COURT permitted him to file it, on payment of all antecedent costs and a continuance or postponement at the option of the plaintiff.

## Case No. 9,139.
### MARSTELLER et al. v. McCLEAN.
[1 Cranch, C. C. 579.] [1]
Circuit Court, District of Columbia. Nov. Term, 1809. [2]

LIMITATION OF ACTIONS—DISABILITY OF PLAINTIFF—JOINT ACTION.

The disability of one joint plaintiff does not take the case out of the statute of limitations.

Trespass quare clausum fregit for mesne profits. The defendant pleaded the statute of limitations. Replication, infancy of some, and coverture of others of the plaintiffs; but Marsteller and some of the plaintiffs were under no disability.

As to them, Mr. Taylor, for defendant, contended that the replication is no answer to the plea. All the plaintiffs sue in their own rights, and as joint tenants, or tenants in common. There is no difference between the case of joint tenants of goods and joint tenants of land. If the plaintiffs were joint merchants, and some of them out of the country and others in, the action must have been brought within five years. Perry v. Jackson, 4 Term R. 516. The promise of one joint defendant takes the case out of the statute as to all. It is not necessary that

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 7 Cranch (11 U. S.) 156.]